IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Emma C. Ludwig,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　Plaintiff,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | FILED: MAY 29, 2009 |
| 　　v.　　　　　　　　　　　　　) | No. 09CV3257 |
| 　　　　　　　　　　　　　　　　) | JUDGE LINDBERG |
| Creditors Interchange Receivable) | MAGISTRATE JUDGE MASON |
| Management, LLC, a Delaware limited) | BR |
| liability company,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　Defendant.　　　　　　　　　) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Emma C. Ludwig, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.　　This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.　　Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.　　Plaintiff, Emma C. Ludwig ("Ludwig"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Petland.

4. Defendant, Creditors Interchange Receivable Management, LLC, ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CIRM was acting as a debt collector as to the debt it attempted to collect from Ms. Ludwig.

## FACTUAL ALLEGATIONS

5. On May 15, 2009, Defendant CIRM's debt collector, "Steve Miller", called Ms. Ludwig's place of employment. Ms. Ludwig's father, who also works where Ms. Ludwig works, answered the phone call. Defendant's debt collector, Mr. Miller, told Mr. Ludwig that he needed to get a hold of Emma Ludwig because it was an important matter. Mr. Ludwig then told him that he was Ms. Ludwig's father.

6. Defendant CIRM's debt collector, Mr. Miller, then proceeded to tell Mr. Ludwig that he needed to talk to Ms. Ludwig regarding a debt she allegedly owed to Petland, and that the debt collector was looking at her other accounts and that she was up to date with all other debts.

7. This caused both of Ms. Ludwig's parents to chastise her, and caused her to call Defendant CIRM's debt collector, Mr. Miller, to discuss the matter. The Defendant's debt collector, Mr. Miller, admitted to Ms. Ludwig, that he had just spoken to her father about the debt, and then told Ms. Ludwig that he could reduce the amount of the debt by eliminating "fines and late charges", but that the debt had to be paid within 10 days. When Ms. Ludwig asked for a payment plan, he told her she needed to pay the debt immediately, or else Defendant CIRM "would take her to court".

8. When Ms. Ludwig again told Defendant CIRM's debt collector, Mr. Miller, that she could not pay the amount he wanted he replied, "well I don't know how your relationship is with your family, but maybe they could borrow it to you, or I talked to your dad, and he seemed like a nice guy, maybe you could go for a signature loan and he would co-sign for you." The debt collector again told Ms. Ludwig that she had ten days to pay up, or else Defendant CIRM would take her to court.

9. Defendant CIRM's debt collector, Mr. Miller, then demanded that Ms. Ludwig immediately provide him with her checking account number so that he "could prove to Petland that his company is doing its job" and that, when she called him within 10 days and told him that she had the money, Defendant CIRM could just take that amount out of Ms. Ludwig's account.

10. Even though she did not have the money –being 8 ½ months pregnant, and only working part time while she is finishing her college education – Ms. Ludwig gave Defendant CIRM's debt collector, Mr. Miller, her checking account information, because Defendant CIRM had frightened her about being taken to court.

11. Defendant CIRM's collection actions have caused great stress for Ms. Ludwig, strained her relationship with her parents, and caused her to close her checking account.

12. These phone calls were the first communication Ms. Ludwig has had with Defendant CIRM and, to date, she has received no written communications from Defendant.

13. All of the collection actions at issue occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(b) Of The FDCPA --
### Contacting Plaintiff's Family

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer. Defendant CIRM, by discussing the debt with Ms. Ludwig's father, without Ms. Ludwig's permission, violated § 1692c(b) of the FDCPA.

17. Defendant CIRM's violation of § 1692c(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692d(2) Of The FDCPA -
### Harassing And Abusive Telephone Calls

18. Plaintiff adopts and realleges ¶¶'s 1-14.

19. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "the use of … language, the natural consequence of which is to abuse the hearer . . . ", see 15 U.S.C. § 1692d(2).

20. Defendant CIRM engaged in conduct, the natural consequences of which was harassing, oppressive and abusive, in violation of § 1692d(2) of the FDCPA, by

4

repeatedly threatening to take Ms. Ludwig to court if she did not pay within 10 days, after talking with her father about the debt.

21. Defendant CIRM's violation of § 1692d(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### False Statements

22. Plaintiff adopts and realleges ¶¶ 1-14.

23. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by making numerous false statements to Plaintiff, including, but not limited to:

  A. falsely threatening to take Ms. Ludwig to court when, in fact, Defendant was not authorized to sue, nor was any lawsuit imminent;

  B. falsely claiming that there was a 10-day deadline; and,

  C. falsely claiming that CIRM needed Ms. Ludwig's checking account number in order to prove to Petland that his company was doing its job.

24. Defendant CIRM's violation of § 1692g(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

25. Plaintiff adopts and realleges ¶¶ 1-14.

26. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendant, by talking about the debt with her father, threatening court/lawsuit, demanding that Ms. Ludwig get money from her father/family, and claiming there was some sort of 10-day deadline, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendant's violation of § 1692f of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT V**
**Violation Of § 1692g –**
**Failing To Provide And Overshadowing**
**The 30-Day Validation Notice**

28. Plaintiff adopts and realleges ¶¶ 1-14.

29. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. Moreover, § 1692g(b) of the FDCPA prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

30. Defendant violated this provision by failing to provide Ms. Ludwig with notice of her rights. Moreover, Defendant CIRM further violated this provision by threatening Plaintiff with some form of litigation, and demanding that she pay the debt within 10 days -- well before expiration of the 30-day dispute period. These statements would confuse the unsophisticated consumer by creating a false sense of urgency as to

6

whether the consumer must act before expiration of the 30-day validation period, or whether they have the full 30 days to dispute the validity of the alleged debt. Defendant CIRM's telephone call thus violates § 1692g of the FDCPA. See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); see also, § 1692g(b).

31. Defendant CIRM's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Emma C Ludwig, prays that this Court:

1. Declare that Defendant's debt collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Ludwig, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Emma C. Ludwig, demands trial by jury.

Emma C. Ludwig,


By: David J. Philipps
One of Plaintiff's Attorneys

Dated: May 29, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

8